TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BEC-P-A

---

FROM: 60137004
TO:
SUBJECT: CIVIL ACTION UNDER 42 U.S.C. 1983.
DATE: 12/31/2013 11:55:42 AM

In the United States District Court
For the Southern District of West Virginia.
Beckley Division.

---

Ewin Oscar Martinez.
PLAINTIFF

v.                                                         5:14-cv-0102
                                                           CIVIL ACTION UNDER 42 U.S.C. 1983.

United States of America,                                  JURY TRIAL DEMANDED
William Westcott, James
Hamrick, et. al. sued in their individual capacities.
DEFENDANTS

---

Comes Now, Ewin Oscar Martinez, Plaintiff, therein Pro Se, respectfully files the instant CIVIL ACTION under 42 U.S.C. 1983.

The Prison Litigant reform Act ("PLRA") 42 U.S.C 1997e(a)(1996), requires that inmate exhaust available administrative remedies prior to filing Civil Actions though the administrative remedy process may not afford them the relief they might obtain through civil proceeding. Weedford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368(2006). 42 U.S.C. 1997e(a) provides as follows: "No actions shall be brought with respect to prison conditions under this Section 1983 of this Title or any other federal law, by a prisoner confined in a jail, prison, or other correction facility UNTIL SUCH ADMINISTRATIVE REMEDIES AS ARE AVAILABLE ARE EXHAUSTED (emphasis added). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2005)(inmate lacked available administrative remedies for exhaustion purposes where inmates was unable to file grievance because prison officials ignored or refused to provide him with the necessary grievance forms.)' Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written request for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies). See also Schultz v. Pugh, 7th Cir. No. 12-2568, July 23, 2013.( A prisoner may be excused for failure to exhaust administrative remedies before filing civil action if prison officials took advantage of his unusual vulnerability to dissuade him from filing a grievance).

STATEMENT OF THE CASE.-

On or about April 2, 2013, Officer Austin ("Austin") threatened plaintiff: "Shut up! If you said something else I will through you down and I will kick your face! Shut up!" Plaintiff complained him that he was calling plaintiff every day for checking-down him in the last five days, even when he did not find in plaintiff any 'contraband' neither nothing wrong. Besides, Austin called only to Plaintiff, not any other inmate. This bezar behavior occurred every morning when plaintiff comeback for eating his breakfast.

Plaintiff asked to Counselor William Westcott ("Westcott") for the corresponding BP*'s to exhaust the administrative remedy regarding Austin's bezar behavior, but Westcott became extremely angry and said to Plaintiff: "What you believe you are? You are an inmate! get out of my office!". A few days after that event, Plaintiff was suddenly designated to be transferred. Westcott never served Plaintiff with the requested BP8. After three months finally plaintiff was rejected by the Institution about which he was transferred and returned to FCI Beckley. (See Exhibit No. 1).

On or about December 3, 2013, Austin appeared to be the "Night-Shift Officer" on 'Pine A-Low Unit;' and he prohibited Plaintiff to go to take his breakfast. "Last call is only for inmates in the hospital, You missed your turn." Plaintiff went to see the Lieutenant in charge. That Lieutenant phone called Austin and told him that he was wrong. "The Last call is for every inmate whom had not attended their breakfast earlier." At that time the 'main-line' was already closed. Plaintiff was prohibited from eating his breakfast. Austin have been in this Institution for years. He perfectly knew about the "Last call." He did so with the clear intention of committing retaliation by harassment and intimidation. At the same day Plaintiff went to see Westcott, and asked him for two BP8s: The pending issue about the threatening plaintiff by Austin, and this recent issue. But Westcott showed himself so irritated, "You need to understand WHO YOU ARE IN HERE!! You are an inmate, CAN YOU UNDERSTAND THAT?" -Yes, I understand that, But I have any right in here?" "Get out my office Martinez. Later I will give you your BP8s. But

TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BEC-P-A

---

now get out of my face. Get out of my office!"

On or about December 12, 2013, Westcott went to the "Bubble" (a big cell with 6 bunks) where plaintiff was housed with other 5 inmates. Everyone of them had "Medical Restrictions" as 'lower-bunk pass,' 'soft-shoes-pass.' 'cell on the first floor,' etc., etc..=, etc..) and Westcott announced: "I will close the 'Bubble' today. Just pack up your property. I will come back later to let you know to where you will be moved." Later, Westcott, against his medical restrictions, housed plaintiff in the 'second floor' in a 'three men cell.' That cell were originally designated to house only one inmate (maximum two); but later were modified to house three inmates (Three men in a cell of only 70 sq. ft, in violation of CFR 541.21 and PS 5270.07 chapter 9, p.3 -beds fasten to floor/wall of cell-) (See Exhibit No. 2). The Plaintiff contacted to Mr. Thompson and Doctor Edward, MD (See Exhibit No. 3), and on or about December 18, 2013, the plaintiff's assigned PHYSICIAN ASSISTANT, Mr. Cooper, contacted to Westcott telling him that move back to plaintiff to the first floor because his medical conditions. (See Exhibit No. 4). But Westcott's response was just became too angry, and he told plaintiff: "I I am in charge in here! You don't decide nothing in here. I will move you when I want to. Get out of my office!" Plaintiff asked him for four BP8s. He response: ""Get out of my office!" Then, plaintiff sent an e-mail to the Unit manager, James Hayrick, requesting the BP8s (See Exhibit No. 5). However, all these request were completely ignored by them.

On or about December 26, 2013, plaintiff sent a new e-mail to the Unit-Team, but without success. (See Exhibit No. 6).

On or about December 27, 2013, plaintiff sent an e-mail to the Warden. (See Exhibit No. 7). This last one e-mail produced some effect, but too negative to the plaintiff: Plaintiff is not a affiliated inmate. He does not "run" with any group or gang. However, Westcott -knowing that!- removed to an inmate, who is active member of a gang (the most numerous gang of this institution, "Virginia gang"), and commanded plaintiff to move to that "open cell" (103) in the first floor. Immediately the members of that gang started harassing plaintiff with threats and insulting him. Then, plaintiff almost running go to the Unit Manager's office and told him: "Your counselor Westcott conspired to send me to the SHU or to the hospital or both. Those guys in the Unit want to assaulting me because your Counselor is trying to provoke a situation to remove me from this compound!" The Unit Manager told plaintiff, "The only way I have to reverse the counselor's order is that you waive your medical pass signing a 'cop-out' in which you tell me that you want to stay UP STAIRS in the cell 203!" So, plaintiff see himself in middle of a situation really unpredictable, and he decided to accept the conditions established by Hayrick. Plaintiff was scaring for his security and life. Then, Westcott said to him: "If you continue complaining about the three men cell or about to be moved down stairs, you will be moved to the same cell, 103." In other words, if plaintiff try to exhaust the administrative remedies about these complaints, Westcott will move him to a cell which is "property of the Virginia' gang." Then, plaintiff could run the risk to be assaulted and injured by that gang members, and be housed in a hospital or in the SHU, or both. In both cases, plaintiff will be transferred to other Institution, and it was the final goal of the Unit Team. The multuousness produced by Westcott and Hamrick's conspiracy among the members of that gang was such that the officers decided to early lacked down the Unit. Fortunately, the whole inmate population in the Unit understood which was the purpose of the officers, and they let Plaintiff survive.

Because he is under a serious threats that can affect his security and life seriously, plaintiff decided to file this Civil Action without the prior exhaustion of the issues with the BOP.

ISSUES.-

Whether constitutes an inhumane condition of confinement to overcrowding or piling up three prisoners in a small cell originally designed to house only one inmate (maximum two), and under an electronic-flush-system that control the flush of the toilet each 5 minutes, creating an environment of pollution and pestilence inside the cell?

In FCI Beckley exists a program called "THE BRAVE PROGRAM." It is located in the UNIT OAK A-LOW. In that Unit an inmate is housed in the Three-Men-Cell ONLY FOR PUNISHMENT PURPOSES when, for example, the inmate failed to pay his "Financial Responsibilities" ("FRP"), or the counselors of the program deems an inmate to be need a punishment outside of a writ up ("Incident Report"). Following this thesis, the inmate population of PINE A-LOW is permanently punished, but without any reasonable reason: We are 36 inmates permanently housed in those three-men-cell even when we did nothing that can justify such punishment. It constitutes an overcrowding or piling up prisoners. Additionally, those cells are under an electronic flush-toilet system that allow to the inmates to flush the toilet only each 5 minutes. If the inmate flush twice under those 5 minutes, the system stop flushing for at least 15 more minutes. When more than one inmate need to use the toilet in those cells, the situation results that the inmates are holding like they are animals.

Whether Westcott and Hamrick conspired to cause harm over plaintiff when, even when there were other available cells, they intentionally tried to house plaintiff in a cell that was occupied for a gang member, and that group started to harass plaintiff by serious threats of injuries?

TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BEC-P-A

---

The officer Westcott and Hamrick intentionally created a situation in which plaintiff could resulted seriously harmed or injured. Those officers ignored the fact that they were supposed to move plaintiff to a first floor, and they have about three correct options (cells 128, 118, 119) which were available to plaintiff: 128- occupied by a Hispanic and a Black. The Black went to the Hamrick's office telling him that he want to be moved up stairs, and let plaintiff be housed in that cell. 118: The inmate Smith was waiting to ne released on December 31, 2013, and he told Westcott to house Plaintiff in that cell because he was waiting only three days to be released. 119: one of the Hispanics inmate housed in that cell went to see Westcott and told him to move plaintiff to that cell and him to the up stairs cell. Westcott and Hamrick refused to take that way to resolve to the plaintiff's claims. Contrarily, Westcott and Hamrick decided to provoke a situation to remove plaintiff of this compound by creating a conflict to him with the most numerous group (gang) of this Institution. If have occurred any fighting between them and plaintiff, plaintiff cannot comeback to the compound "for security reasons." It was the plan of Westcott and Hamrick. They openly conspired to harm plaintiff because plaintiff was trying to exercise his First Amendment Right of free speech, and exhaust the administrative remedies available to him.

Whether Westcott and Hamrick, arbitrarily an in violation of the BOP Policy and Regulations, and Plaintiff Constitutional Rights protected by the Eighth Amendment, housed and held plaintiff in the second floor, even when he had a medical pass restricting him to be housed ONLY in the first floor?

For a very malicious reason, Westcott and Hamrick decided to harm plaintiff physically and emotionally. They have had different options to move plaintiff to the first floor without any kind of conflict with the other inmates. But because plaintiff was filing against Austin (a very close friend of Westcott) they decided to harm plaintiff. They are officer -as they said by themselves- "of the old school." That means that they have a very old concepts about the INMATES RIGHTS. They really do not accept nor believe that inmates have any kind of rights. After plaintiff presented to them the MEDICAL DOCUMENT with the instruction to be housed ONLY IN THE FIRST FLOOR, Hamrick said to plaintiff: "We need to talk with the hospital about that "pass." I need to see the Hospital Director, Mr. Thompson. You cannot decide in here where you will be housed."

Plaintiff have a tumor in his right shoulder, and other in his left ankle. He is suffering Arthrophaty (a joint decease). His is losing bones in every one of his articulations.

CONCLUSION.-

The foregoing named BOP Officers should be moved to face a jury trial for their extremely wrong decisions they took or made against plaintiff.

Plaintiff is asking for a punitive damage of $250,000.oo to each defendant; and additional $100,000.oo for attorney's feet.

Plaintiff also will file a FEDERAL TORT CLAIM ACT against the United States. United States is liable because the wrong doing of its employees. The above named defendant are federal employees.

Respectfully submitted,

Ewin Ocar Martinez.
#60137-004.
FCI Beckley.
P.O. Box 350.
Beaver, WV 25813.



TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BER-A-B

---

FROM: Health Services
TO: 60137004
SUBJECT: RE:***Inmate to Staff Message***
DATE: 07/31/2013 10:42:02 AM

Please address all requests for redesignation with your case manager.

FCI/SCP Berlin
Health Services
Sick-Call: Mon,Tues,Thur,Fri
0600-0615 at SCP
0700-0715 at FCI
>>> ~^!"MARTINEZ, ~^!EWIN OSCAR" <60137004@inmatemessage.com> 7/30/2013 2:53 PM >>>
To: Dr. Holloway
Inmate Work Assignment: Medical Idle/

With Copy to Dr. Holloway, HOSPITAL DIRECTOR
FCI Berlin.

Mr. Santana.
Designation, Sentencing and Computation Center.
U.S. Armed Force Reserve Complex.
346 Marina Force Drive.
Grand Prairie, Texas 75051.

Dear Mr. Santana,

On or about April 19, 2013, me and my lawyer, Elain Britton, sent you a letter requesting to change "my designation to FCI Berlin", New Hampshire, under the basis of my health problems. (See attachment). In that letters we tried to warning you over the fact that my health problems would produce a necessary process for RE-DESIGNATION due to the fact that "FCI Berlin" is a "new prison," and usually that kind of Institution are not completely equipped to attend MEDICAL CARE2; and that we believed that some one mistakenly "moved me" from "CARE1" to "CARE2." And now that error is patent: I am a prisoner in "MEDICAL CARE2," and probably this Institution will ask you for RE-DESIGNATING ME to a more appropriate Institution.

Then, I respectfully am asking you to please re-designating me to "OTIS VILLE", New York, or alternatively to "MARIANA," Florida. I do have family only in these two states, and they do not have recourse enough to make expensive trips.

Thank you in advance.

Sincerely yours,

Ewin Oscar Martinez.
#60137-004.
FCI Berlin.
P.O. Box 9000.
Berlin, NH 03570.

TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BEC-P-A

---

FROM: 60137004
TO: Warden
SUBJECT: ***Request to Staff*** MARTINEZ, EWIN, Reg# 60137004, BEC-P-A
DATE: 12/14/2013 07:25:03 AM

To: Attorney of the FCI Beckley.
Inmate Work Assignment: Orderly.

To: WARDEN.
    From: Inmate martinez, Ewin O. Reg. 60137-004.
    Matter: RACISM AND DISCRIMINATION.
With Copy to: INSPECTOR GENERAL, United States Department of Justice.
    Mr. Thompson, DIRECTOR OF THE HOSPITAL
    Dr. Edward, MD.

---

Yesterday about 2:41 pm., the "Counsel of Pain A-Low Unit," "Mr. Westcap," incurred in a clear manifestation of racism and discrimination against me. I am a person suffering of ARTHROPATHY (a disease of the joints). I am losing bone in my joints including shoulders, elbows, ankles and writs. I have clear medical restrictions regarding it: Do not lift more than 15 pounds and do not prolonged standing. It is in my records and the "Unit Team" have complete access to that information. However, under the basis that "You Martinez are taking up the stairs asking me for BP9s," that Counselor moved me from the down stairs cells to the up stairs cell. I claimed that I can take the stairs couple times but not ten or more times daily because it produce in me a serious increasing of the pain I am suffering in my articulations. "Shut at, Laton" (meaning "Latino"). That officer called in here to an Africa American "Nigger," and he call Latinos "Latons" in a very disrespectful way. That behavior is his more dominant characteristic: When we (Blacks or Hispanics) try to talk with him, he never see us face to face like "nobody is talking;" like pretending that he is completely ignoring us. I need to be moved back to the down stairs area, and that officer refused to do so, even when he allowed two white inmates to stay in that area; Inmates that probabiy have lesser health problems than mine. I have been in prison for large 14 years. After 2006 when the USP-Atlanta Hospital diagnosed the "Arthropathy" I never have been house in up stairs cell. Even in here: I completed recently four years in this Institution, and I never before was housed in the up stairs cells. The Counselor did that because I filed a BP8-BP9 about the "night-shift officer" who apparently is his "best friend."
I'm respectfully asking for an investigation about the foregoing claim, and to be moved back to the down stairs cells.
Respectfully submitted,
Ewin Oscar Martinez
#60137-004

TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BEC-P-A

---

FROM: 60137004
TO: Health Services
SUBJECT: ***Request to Staff*** MARTINEZ, EWIN, Reg# 60137004, BEC-P-A
DATE: 12/16/2013 09:57:21 AM

To: Mr. Thompson/ OR Edward, R MD.
Inmate Work Assignment: Ord.

I signed the "Sick-Call" this morning compelled for a seriously acute pain in me knees and shoulders. I have been moved to the UP STAIRS cells, and I have to take the stairs up various times daily. It have produced on me a terrible pain. My articulations cannot handle it good... I have medical restriction DO NOT LIFTS MORE THAN 15 POUNDS AND DO NOT PROLONGED STANDING. I showed it to the "Counselor," and explained to him that LOOK SO OBVIOUS that I cannot take the stairs up back -and-forth because it's too hard for me to do so... I am a person of 61 years of age, and, as you know, I'm suffering of ARTHROPATHY.
There are about four (4) available beds in the down stairs section; but the "Counselor" suddenly decided to move me up while at the same time he left young and healthy people housed in the down stairs area... I went to see the "Unit Manager" claiming this situation, and he told me that "He needs something in writing from the Hospital to reverse the Counselor's move."
I appreciate your best attention to this matter.



# Bureau of Prisons
## Health Services
### Medical Duty Status

Reg #: 60137-004    Inmate Name: MARTINEZ, EWIN OSCAR

**Housing Status**

___ confined to the living quarters except ___ meals ___ pill line ___ treatments    Exp. Date: _____

___ on complete bed rest: ___ bathroom privileges only    Exp. Date: _____

X cell:  X cell on first floor  ___ single cell  X lower bunk  ___ airborne infection isolation    Exp. Date: 12/31/2015

X other: Soft shoe pass    Exp. Date: 12/31/2014

**Physical Limitation/Restriction**

___ all sports    Exp. Date: _____

___ weightlifting: ___ upper body ___ lower body    Exp. Date: _____

___ cardiovascular exercise: ___ running ___ jogging ___ walking ___ softball ___ football ___ basketball ___ handball ___ stationary equipment    Exp. Date: _____

___ other: _____    Exp. Date: _____

**May have the following equipment in his / her possession:**

| Equipment | Start Date | End Date | Return Date |
|---|---|---|---|
| Alternate Institutional Shoes | 02/07/2013 | | |
| Eye Glasses | 05/19/2009 | | |

**Work Restriction / Limitation:**

Cleared for Food Service: Yes

Restriction    Expiration Date

No Lifting More Than 15 Pounds

**Comments:** N/A

Cooper, Joe PA-C    12/18/2013
Health Services Staff    Date

Inmate Name: MARTINEZ, EWIN OSCAR    Reg #: 60137-004    Quarters: P02

*ALL EXPIRATION DATES ARE AT 24:00*

Generated 12/18/2013 14:34 by Cooper, Joe PA-C    Bureau of Prisons - BEC    Page 1 of 1

TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BEC-P-A

----

FROM: 60137004
TO: Pine Unit
SUBJECT: ***Request to Staff*** MARTINEZ, EWIN, Reg# 60137004, BEC-P-A
DATE: 12/17/2013 07:33:09 AM

To: Unit Manager
Inmate Work Assignment: Orderly.

The following are the ISSUES I will raise before the Federal Court:

I
Whether constitutes an INHUMANE CONDITION OF CONFINEMENT in violation of the "U.S. Constitution 8th Amendment," and the "Vienna Convention" and "Geneva Covenant" (International Treaties) to house three [3] inmates (overcrowding; piling up) in a cell originally designed to house only one [1] inmate (maximum two [2]).

II
Whether constitutes an infringing of the BOP Policy to select who Inmate may be moved from a cell on the basis of the kind of relation that such Inmate has with the Unit Team Members, in violation of the "Equal Protection Clause."

III
Whether constitutes a clear act of racism and xenophobia to physically pushing out an Inmate from the Unit Team office hitting his nose with the door and calling him "Laton" (meaning "Latino") in violation of the "Equal Protection Clause" and the "U.S. Constitution First Amendment."

IV
Whether constitutes an act of INHUMANE CONDITION OF CONFINEMENT to house to an old and sick Inmate in the TOP RANGE while youngest and healthy Inmate are holding in the BOTTOM RANGE on the basis of what kind of relation they have with the Unit Team Members, in violation of the "U.S. Constitution 8th Amendment," the "BOP Policy," and the "Equal Protection Clause."

I appreciate you can putting me in contact with the "Counselor" who will handle these Issues.



TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BEC-P-A

---

FROM: 60137004
TO: Pine Unit
SUBJECT: ***Request to Staff*** MARTINEZ, EWIN, Reg# 60137004, BEC-P-A
DATE: 12/26/2013 03:09:41 PM

To: UNIT MANAGER/COUNSELOR.
Inmate Work Assignment: Orderly.

You moved to the UP-Stairs-Range. I complained it because my health problems. You asked me for MEDICAL REASONS IN WRITING. I went to the HOSPITAL and they gave me A VERY CLEAR MEDICAL RESTRICTION: BE HAUSED IN THE FIRST FLOOR. You told me about your personal opinions regarding it. (Are you medical doctors, nurses or something like that?); and in fact you condemned me to take that stairs day by day during tooo many days... WHY YOU DID NOT RESPECT THE MEDICAL ORDER? WHY...???

I respectfully asking you for provide me TWO BP8S to resolve this issues before a Federal Court:

(1) To house three inmates in a cell originally desigted to house ONLY ONE INMATE (maximum two) is violatory of the 8th Amendment, and the "Vienna Convention" and "Geneva Covenant."

(2) You are violating the BOP's MEDICAL POLICY, and I don't have any doubt that you're doing so for retaliation against me because I have exercised my First Amendment Constitutional Right to Free Speach.

TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BEC-P-A

---

FROM: 60137004
TO: Warden
SUBJECT: ***Request to Staff*** MARTINEZ, EWIN, Reg# 60137004, BEC-P-A
DATE: 12/27/2013 09:40:53 AM

To: WARDEN
Inmate Work Assignment: Ord.

I need you be directly involved in this situation: The UNIT TEAM (Unit/Manager and Counselor), in violation of my MEDICAL RESTRICTIONS, moved me from the Bottom-Range to the Top-Range. That occurred on December 12, 2013. I presented to them the MEDICAL RESTRICTION, but they did not take care of it. I have been talking about at any time I can see them, but without success. I have the certitude that they are retaliating against me because I filing grievances in here. To make me take those stairs over and over again day by day is killing me. That "treatment" represent TORTURING ME and producing in me a physical-consistent pain. Besides, I HAVE REQUEST TWO TIMES IN WRITING (E-MAIL) and FOUR TIMES VERBALLY TO BE SERVED WITH THE CORRESPONDENT BP8s to exhaust the issues, but these BOP Officers are completely ignoring me, and they did not serve me yet with the requested BP8s.



TRULINCS 60137004 - MARTINEZ, EWIN OSCAR - Unit: BEC-P-A

---

FROM: 60137004
TO: Health Services
SUBJECT: ***Request to Staff*** MARTINEZ, EWIN, Reg# 60137004, BEC-P-A
DATE: 12/28/2013 07:32:26 AM

To: Dr. Edward, R.
Inmate Work Assignment: Ord.

For a reason which I can not understand, the Counselor of this UNIT became so angry because my medical restrictions to be housed in the first floor. He held me up stairs for more than 10 days after I presented to him the medical order. And yesterday I went to his office asking him for to find for me a cell in the first floor. He became angry again and order me to step out from his office. Later he tried to provoke a conflict or fighting between me and a group of blacks in here; and he told me: "You have only two options. Go to the 'SHU' or move to 103 cell." That cell is occupied by "The Leader" of a "Group of Virginia;" the most numerous gang in this Institution; and I do not "run" with nobody. I am no a gang member. I am a Jehovah's Witness, a Christian. So, the Unit Manager told, "The only way I have to reverse the counselor's decision is that you sign a 'cop-out' asking me to stay in the 203 cell, up stairs." I did it because I do not want to be housed in the "SHU" and for no reason assaulted by those inmates... I trying to understand WHY the counselor is personally-affected for my medical restriction... I need help...





⇔ 60137-004 ⇔
Ewin O Martinez
#60137-004 Beckley FCI
Federal Correctional Institution
P.O. Box 350
Beaver, WV 25813
United States

⇔ 60137-004 ⇔
District Court
Southern District of WV.
Clerk 110 N. Heber Street
Clerk of the Court
Beckley, WV 25801
United States

FEDERAL CORRECTIONAL INSTITUTION
BECKLEY
P.O. BOX 1280
BEAVER, WV 25813

DATE 12-31-13

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS NEITHER BEEN OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURIS- DICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.