IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

EWIN OSCAR MARTINEZ,

        Plaintiff,

v.                                                                  CIVIL ACTION NO.   5:14-cv-00102

UNITED STATES OF AMERICA, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 25), the *Memorandum of Law in Support* (Document 26), the Plaintiff's *Motion in Opposition to the Defendants' Motion to Dismiss, or for Summary Judgment* (Document 29), the Plaintiff's *Notification in Support to his Motion in Opposition to the Defendants' Motion to Dismiss or for Summary Judgment* (Document 32), the Plaintiff's *Motion in Opposition to the Magistrate Judge Report/Recommendation* (Document 41), the *Complaint* (Document 1), and the Plaintiff's *Amended Motion* (Document 6). The Court has also reviewed the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 39), wherein the Magistrate Judge recommends that this Court grant the Defendants' motion to dismiss, or in the alternative, motion for summary judgment, deny the Plaintiff's motion in opposition to the Defendants' motion to dismiss, or in the alternative, motion for summary judgment, dismiss the Plaintiff's complaint and amended motion, and remove this matter from the Court's docket. For

the reasons set forth herein, the Court finds that the Magistrate Judge's PF&R should be adopted, and the Plaintiff's motion in opposition overruled.

## FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this case was set forth in detail by the Magistrate Judge in his PF&R, and the Court hereby incorporates the same by reference. To provide context for the ruling herein, the Court sets forth the following summary.

The Plaintiff in this matter, appearing *pro se*, filed his complaint on January 3, 2014, and subsequently filed a motion to amend on May 27, 2014. The Plaintiff sought relief under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§1346(b) and 2671, *et seq*., and for alleged violations of his constitutional and civil rights under 42 U.S.C. §1983 and *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). The Plaintiff named as Defendants the United States of America and two Bureau of Prisons employees, William Westcott and James Hamrick. (Complaint, at 1.)

The Plaintiff's complaint alleged that Bureau of Prison officers retaliated against him when he was incarcerated at the Federal Correctional Institution – Beckley (FCI-Beckley) following his request for administrative remedy forms. (*Id*.) The Plaintiff claims that after a confrontation with an "Officer Austin" on December 3, 2013, he requested administrative remedy forms from Defendant Westcott. The Plaintiff claims that Defendant Westcott became very angry when he learned that the Plaintiff planned to file a BP-8 complaint against Officer Austin, and that Defendant Westcott ordered the Plaintiff to leave his office, and indicated that he would bring the Plaintiff the BP-8 forms at a later time. (*Id*. at 1-2.) The Plaintiff alleges that on December 12, 2013, in retaliation for his earlier request, Defendant Westcott ordered that the Plaintiff be moved

2

from the first floor "medical bubble" into a three-man cell on the second floor of FCI-Beckley. (*Id*. at 2.) The Plaintiff alleges that he communicated with FCI-Beckley medical employees about the decision, and that on December 18, 2013, his physician's assistant, a Mr. Cooper, instructed Defendant Westcott to move the Plaintiff back to the first-floor medical bubble due to Plaintiff's underlying health conditions. (*Id*.) The Plaintiff alleges that Westcott refused to move the Plaintiff. (*Id*.) The Plaintiff claims that he then sent an e-mail to his unit manager, Defendant Hamrick, wherein he requested the BP-8 forms, but that this request was "completely ignored." (*Id*.) The Plaintiff then claims that he contacted the FCI-Beckley warden to complain about the treatment on December 27, 2013. (*Id*.) The Plaintiff's email to the warden alleged that Defendant Westcott used racial language when referring to the Plaintiff and other inmates, and disregarded his medical needs. (Email to Warden, att'd as Ex. B to Pl.s' Complaint.)

The Plaintiff further alleges that Defendant Westcott retaliated against him for contacting the FCI-Beckley warden by ordering that a gang member be removed from a cell on the first floor, to facilitate the Plaintiff's placement in that cell. (*Id*.) As a result, the Plaintiff claims that other gang members began harassing and threatening the Plaintiff. (*Id*.) The Plaintiff alleges that he contacted Defendant Hamrick to report that Defendant Westcott had placed him in a dangerous environment, but that Mr. Hamrick instructed the Plaintiff that his only option was to "… waive your medical pass" and indicate that he wanted to "stay upstairs …" (*Id*.) The Plaintiff alleges that he agreed to these terms because he feared for his safety. (*Id*.) In seeking relief under Section 1983, the Plaintiff claims that Defendants Westcott and Hamrick conspired to harm him by purposefully attempting to relocate him to a cell which housed gang members, knowing that the gang members would potentially injure the Plaintiff. (*Id*. at 3.) The Plaintiff further alleges

3

that the Defendants prevented him from exhausting his administrative grievances for his complaints against them. (*Id.*)

The Plaintiff filed his amended motion on May 27, 2014, wherein he sought leave from the Court to add claims under the FTCA to his civil action. The Magistrate Judge granted the Plaintiff's motion on January 7, 2015. In his amendment, the Plaintiff alleged additional facts, specifically, that at the time of the facts set forth in his complaint, he had a "pass" from the medical staff at FCI-Beckley which instructed prison officials to allow him to remain on the first floor due to "degenerative joint disease." (Pl.'s Amended Complaint, at 1.) The Plaintiff alleged that the Defendants "completely disrespect[ed]" that medical restriction by housing the Plaintiff in a "three-man cell," originally designed to house only two inmates, on the second floor of FCI-Beckley. (*Id.*) The Plaintiff alleges that he attempted to file an administrative complaint about these conditions, but was denied, and in the process, subjected to racial harassment by Defendant Westcott. (*Id.*) The Plaintiff also alleges that Defendant Westcott "pushed outside the Unit-Team office to [the] [P]laintiff hitting him in his [nose] with the door." (*Id.*) The Plaintiff alleges that when he insisted on being moved to the first floor, Defendant Westcott "tried to create a problem between [the] [P]laintiff and the gang members of a gang called the 'Virginia Blacks,'" by relocating the leader of that gang from the first floor, and placing the Plaintiff in the resulting vacancy. (*Id.*) The Plaintiff alleges that this was done with "obvious intention to provoke an assault against [him] by that … gang." (*Id.*) The Plaintiff admits that he signed a "cop-out," asking to be moved to the second floor for several days until an additional vacancy became available on the first floor. (*Id.*) However, the Plaintiff claims that when he spoke with Defendant Hamrick about moving to the new vacancy on the first floor, he was rudely rebuffed.

4

(*Id*. at 2.)   When the Plaintiff insisted on moving to the first floor for medical reasons, the Plaintiff alleges that Defendant Hamrick sought to move him in with a "gang of the white-guys."   (*Id*.) The Plaintiff refused, and claims that as a result, he was "housed … in the [Special Housing Unit]." (*Id*.)   In support of his FTCA claim, the Plaintiff alleges that he was "compelled to take the stairs back and forth many times daily," which caused "terrible pain."   He argues that being forcibly housed on the second floor worsened the pain to injuries in his shoulder and heel.  (*Id*.)   He claims to have been under this "treatment" for "more than 24 days," and alleges that as a result, he suffered more pain.   (*Id*.)

On April 10, 2015, the United States moved to dismiss the Plaintiff's claims, or, in the alternative, for summary judgment.   As to the Plaintiff's FTCA claims, the United States sought to substitute itself for Defendants Westcott and Hamrick in the Plaintiff's FTCA claims, indicating that both Defendants were acting within the scope of their employment in communicating with the Plaintiff.   (Mem. in Supp. of Def. Mot. to Dismiss, at 10.)   The United States also sought dismissal of the Plaintiff's FTCA claims under Federal Rule of Civil Procedure 12(b)(1), claiming that this Court lacked subject matter jurisdiction over the Plaintiff's FTCA claims, because the Plaintiff failed to exhaust his administrative remedies.   (*Id*. at 10-11.)   The United States further argued that the Plaintiff's FTCA claims required dismissal because his injuries did not exceed the *de minimis* threshold.   (*Id*. at 15.)   Regarding the Plaintiff's claims under Section 1983 and *Bivens*, the United States argued that the claims required dismissal because the Plaintiff failed to exhaust his administrative remedies, and failed to satisfy the requirement under the Prison Litigation Reform Act of 1996 (PLRA) that he show physical injury in order to recover for emotional or psychological damages.   (*Id*. at 16-22.)   The United States further argued that any

5

claim of retaliation was fatally flawed, because the filing of administrative grievances is not a constitutionally-protected activity. (*Id*. at 23.) The United States sought to dismiss the Plaintiff's claims for verbal harassment on the grounds that such claims were not a constitutional violation. (*Id*. at 25.) Similarly, the United States argued that any claim for cruel and unusual punishment under the Eighth Amendment, related to the Plaintiff's confinement in a three-man cell designed for two inmates, did not rise to the level of an actionable constitutional violation. (*Id*. at 26.)

The Plaintiff filed a motion in opposition on April 30, 2015. On January 19, 2016, the Magistrate Judge filed his PF&R related to the Defendants' motion to dismiss. The Magistrate Judge first evaluated the Plaintiff's FTCA claims, and found that the claims against Defendants Westcott and Hamrick should be dismissed, and the United States substituted as the appropriate party. (PF&R, at 9-10.) The Magistrate Judge further found that the Plaintiff had failed to exhaust his available administrative remedies, and that the alleged injuries did not exceed the *de minimis* threshold required for a successful FTCA claim. (*Id*. at 11-17.) Regarding the Plaintiff's claims under *Bivens* and Section 1983, the Magistrate Judge found that the Plaintiff had failed to exhaust his administrative remedies, and that his claim that he was unable to obtain the required forms by virtue of the conduct of Defendants Westcott and Hamrick lacked merit. (*Id*. at 25-26.) The Magistrate Judge further found that the Plaintiff's claims for emotional or psychological damages failed to satisfy the *de minimis* standard required by the PLRA, and recommended that the Court dismiss these claims as well. (*Id*. at 27.) The Plaintiff timely filed his motion in opposition to the findings of the Magistrate Judge on February 1, 2016, and the same is ripe for review by this Court.

**STANDARD OF REVIEW**

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that the Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The Plaintiff raises two objections to the Magistrate Judge's PF&R. First, the Plaintiff objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies for his *Bivens* claims against Defendants Hamrick and Westcott. The Plaintiff argues that the facts on the record "clearly establish[]" that Defendant Westcott failed to "serve the Plaintiff with the requested BP-8" necessary to address Mr. Austin's conduct, and instead began to subject him to harassment. (Pl.'s Motion in Opposition, at 1.) The Plaintiff then reiterates a number of claims set forth in earlier pleadings, including that Defendant Westcott retaliated against the Defendant's requests by "expos[ing] him to [] assault[] by two different prison[] groups…" (*Id.*) The

Plaintiff concludes his argument by noting that he "asked for the [BP-8] form to exhaust[] the BOP remedy procedure without success."

The PLRA requires that inmates exhaust all available administrative remedies prior to filing a civil action under *Bivens*.  42 U.S.C. §1997(e); *see also Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (the PLRA's exhaustion requirements apply to all inmate suits about prison life, regardless of circumstance).  For *Bivens* purposes, proper exhaustion requires inmates to "submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

In reviewing the evidence on the record, the Magistrate Judge found that during his time at FCI-Beckley, the Plaintiff had unfettered access to the administrative remedy process, and that between August 8, 2013, when he arrived at FCI-Beckley, and his transfer on May 7, 2014, the Plaintiff filed at least twelve administrative remedies.  (PF&R, at 24-25.)  The Magistrate Judge further noted the Declaration of Sarah Lilly, Legal Assistant for the Beckley Consolidated Legal Center, who reviewed a record of the Plaintiff's administrative filings with the Bureau of Prisons.  Ms. Lilly declared that while the Plaintiff "did not file any administrative remedies with regard to the claims made in the instant case …," and claimed that the Defendants denied him access to forms while he was housed at FCI-Beckley, the Plaintiff was nevertheless "busy filing administrative remedies during this time."  (*Id*. at 23, quoting Decl. of Sarah Lilly, att'd as Exh. 1 to Def. Mot. to Dismiss or, in the Alternative, Motion for Summ. J.)  The Magistrate Judge further found that on several occasions during his incarceration at FCI-Beckley, the Plaintiff was provided with BP-8 forms by Defendant Westcott, and filed remedies with the assistance of

8

Defendants Westcott and Hamrick.  (*Id*. at 25.)   Notably, on December 12, 2013 - the very day that the Plaintiff alleged that Defendant Westcott retaliated against him - Defendant Westcott provided the Plaintiff with an Informal Resolution form, which he completed based on a claim that his legal mail was improperly delivered.  (*Id*. at 24.)   Further, the Magistrate Judge found that even if Defendants Westcott and Hamrick refused to provide the Defendant with the forms necessary to exhaust his administrative remedies, the Defendant was able to obtain the relevant forms from the Administrative Remedy Coordinator at FCI-Beckley, who provided these forms to the Defendant on numerous occasions.  (*Id*. at 25.)   The Plaintiff's claims that he could not access remedy forms is belied by the evidence that he filed such forms during the time period in question. Accordingly, the Plaintiff's first objection is overruled.

The Plaintiff next objects to the Magistrate Judge's finding that he failed to exhaust all available administrative remedies for his FTCA claims.  (Pl.'s Mot. in Opposition, at 2.)   The Plaintiff claims that he "timely filed the tort claim with the appropriate agency – the Regional Office of the BOP controlling FCI Beckley," before filing his claims with this Court.  (*Id*.)

As the Magistrate Judge correctly noted, the FTCA is a limited waiver of the federal government's sovereign immunity, and the waiver is subject to the condition that an administrative claim must first be submitted to the appropriate federal agency and denied before a suit may be filed in federal court.  (PF&R, at 11, citing 28 U.S.C. §2675(a).)   Filing of a timely administrative claim is jurisdictional, and cannot be waived.  *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994), citing *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *Muth v. United States*, 1 F.3d 246 (4th Cir. 1993); *Gibbs v. United States*, 34 F.Supp.2d 405 (S.D.W.Va. 1999).   Thus, before an inmate can bring a civil action under the FTCA, the inmate must exhaust the relevant

9

administrative procedures, specified at 28 C.F.R. §§14.1 to 14.115 and 543.30 to 543.32[1]. Further, the Court cannot hold an FTCA claim in abeyance while a plaintiff pursues administrative remedies with the appropriate agency. *See Plyer v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) ("Since the district court has no jurisdiction at the time the [administrative] action is filed, it could not obtain jurisdiction by simply acting on the Motion to Dismiss until the period had expired.")

In this case, the Magistrate Judge found that the Plaintiff filed his complaint in this Court on January 3, 2014, while he filed an administrative tort claim which was received by the Bureau of Prisons on January 8, 2014.[2] (PF&R, at 13, citing Request for Administrative Remedy, att'd as Ex. E to Def. Mot. to Dismiss or, in the Alternative, Mot. for Summ. J.) The Magistrate Judge further found that the Plaintiff's filing of his amended motion could not cure this defect, for the filing of amended complaint does not cure the Plaintiff's "failure to exhaust prior to filing suit." (PF&R, at 13, citing *Hoffenberg v. Provost*, 154 Fed.Appx. 307, 310 (3rd Cir. 2005) (finding that the date of an amended complaint cannot serve as the date a federal suit was instituted). Thus, the Magistrate Judge found that the Plaintiff failed to exhaust administrative remedies with respect to his FTCA claims, and therefore, recommended that these claims be dismissed under Federal

---

1 As the Magistrate Judge explained, to exhaust administrative remedies, a prisoner must comply with the procedures set forth in 28 C.F.R. §14.1-14.11. An inmate must first submit an administrative claim, including a claim for money damages in a sum certain for the alleged injury, on a Standard Form 95 to the federal agency whose activities gave rise to the underlying claim. 28 C.F.R. §14.2(a), (b)(1). After investigation and examination and informal attempts at resolving the inmate's claim, the agency may deny or approve the inmate's claim. 28 C.F.R. §14.6, 14.8. If the agency denies the claim, the claimant may file suit in the relevant district court within six months of the mailing of the denial. 28 C.F.R. §14.9(a).

2 The Court notes that this specific request dealt with the Plaintiff's failure to receive legal mail, rather than any injury which resulted from the conduct of the officers or the Plaintiff's placement on the second floor of FCI-Beckley. If this administrative claim related to the events giving rise to the Plaintiff's cause of action under the FTCA, as argued by the United States in its *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment*, the Plaintiff had failed to exhaust his administrative remedies at the time he filed suit, and dismissal was therefore appropriate under the jurisdictional requirements of the FTCA. If this administrative claim does not pertain to the events at issue in this case, the record reveals that the Plaintiff filed no other administrative remedies which could potentially relate to the FTCA claims, and his FTCA claims must nonetheless be dismissed for failure to exhaust administrative remedies.

Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The Court concurs with this conclusion, and finds that the Plaintiff's objection must be overruled.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Finding and Recommendation* (Document 39) be **ADOPTED**, and that the objections contained in the Plaintiff's *Motion in Opposition* (Document 41) be **OVERRULED**. The Court further **ORDERS** that the *Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* (Document 25) be **GRANTED**, and that the Plaintiff's Complaint, as amended by his *Amended Motion* (Document 6), be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 15, 2016

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA